UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LINDA WALDON  and  STEVE WALDON, | ) ) ) | |
| Plaintiffs, | ) ) | CASE NO.:  1:17-cv-3673 |
| v. | ) ) | |
| WAL-MART STORES, INC. Store Number 1655, | ) ) ) | |
| Defendant. | | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA.

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1332, 1367, 1441, and 1446, removing party WAL-MART STORES, INC. Store Number 1655 ("Defendant"), by counsel, hereby files this Notice of Removal to remove the above-entitled action to this Court based upon the following supporting grounds. Defendant, appearing solely for the purpose of this removal, and for no other purpose, and preserving all other defenses available to it, states as follows:

## VENUE

1. Removal to the Southern District of Indiana, Indianapolis Division, is appropriate pursuant to 28 U.S.C. § 1441(a), because the Southern District of Indiana, Indianapolis Division, embraces the County of Montgomery, where the action was pending prior to the filing of this Notice of Removal.

## REMOVAL IS TIMELY

2.  On April 18, 2017, Defendant was served by certified mail with a Summons and Complaint for Damages in the above-entitled action at the offices of its registered agent for service of process in Indiana, CT Corporation System.

3.  Although complete diversity exists between the parties as discussed further below, Defendant did not initially pursue removal under 28 U.S.C. § 1446(b)(1) because the case as stated in the initial pleading was not removable; specifically, Plaintiffs Linda Waldon and Steve Waldon (collectively "Plaintiffs") made no indication that the claimed amount in controversy exceeded $75,000 exclusive of interest and costs for one or both of their claims.

4.  Plaintiffs served their discovery responses on Defendant on or about September 29, 2017.

5.  The discovery responses provided the medical records and bills pertaining to the treatment and damages claimed by Plaintiff Linda Waldon.

6.  Following review of said discovery responses, Defendant requested that Plaintiffs' counsel either agree to removal to federal court based on diversity jurisdiction, or to execute a Stipulation and Covenant not to execute a judgment in excess of $75,000, exclusive of interest and costs, for each Plaintiff.

7.  Defendant requested that said Stipulation and Covenant be executed and returned to undersigned counsel by October 11, 2017; otherwise, Defendant advised it would assume Plaintiffs would not consent to the Stipulation and Covenant regarding the amount in controversy.

8.  As of the date of this Notice, Plaintiffs' counsel has not returned an executed Stipulation and Covenant, indicating to Defendants that Plaintiffs believe the amount in controversy exceeds $75,000, exclusive of interest and costs, for each Plaintiff.

{0019081/0035/01129817 v1}

9.   Pursuant to 28 U.S.C. § 1446(b)(3), this removal is timely because it is being filed within thirty days after the receipt by the Defendant, through service or otherwise, of a copy of other paper (i.e., Plaintiffs' discovery responses) from which it may first be ascertained that the case is one which is or has become removable.

## STATE COURT PROCEEDINGS

10. On April 12, 2017, Plaintiffs filed their Complaint for Damages in the above-entitled action against Defendant in the Montgomery County Superior Court in the State of Indiana, Cause No. 54D01-1704-PL-000283, and is now pending therein.

11. On April 28, 2017, Defendant filed an Attorney Appearance, Jury Demand and Motion for Enlargement of Time to File Responsive Pleading in the Montgomery County Superior Court in the above-entitled action.

12. On May 2, 2017, the Montgomery County Superior Court issued an Order Granting Defendant's Motion for Enlargement of Time to File Responsive Pleading, granting it a period of time through and including July 4, 2017 in which to answer or otherwise respond to Plaintiffs' Complaint for Damages and/or any discovery including Request for Admissions that may have been filed with the Summons and Complaint for Damages.

13. On June 28, 2017, Defendant filed its Answer and Affirmative Defenses to Plaintiffs' Complaint.

14. No further proceedings have been had in the Montgomery County Superior Court.

## DIVERSITY JURISDICTION EXISTS

15. This is a civil action that falls within the Court's original jurisdiction under 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446, and supplemental jurisdiction under 28 U.S.C. §1367.

16. Plaintiff Linda Waldon is a citizen of the State of Indiana.

17. Plaintiff Steve Waldon is a citizen of the State of Indiana.

18. Defendant Wal-Mart Stores, Inc. is a corporation organized under the laws of Delaware with a principal place of business in the State of Arkansas.

19. Because Defendant is neither incorporated in Indiana nor has its principal place of business in Indiana, it is not a citizen of the State of Indiana for purposes of diversity jurisdiction.

20. There is complete diversity of citizenship between the parties named in this case.

21. Plaintiffs' Complaint for Damages does not demand a specific sum of monetary damages. The State of Indiana does not permit a demand for a specific sum or permit recovery of damages in excess of the amount demanded. Therefore, this Notice of Removal states that the monetary value of the amount in controversy exceeds $75,000, exclusive of interest and costs, based upon the following:

   a.  In the Complaint, Plaintiff Linda Waldon alleges she fell and injured her back, neck and head. (Compl. ¶ 4).

   b.  Plaintiff contends she has been required to seek medical attention for her injuries which have caused her pain and impairment, and has a need for ongoing and future medical care.  (Compl. ¶ 4).

   c.  Plaintiff Linda Waldon claims to have suffered a low back injury with compression fracture.

   d.  Plaintiff Linda Waldon claims she has suffered a permanent impairment.

e.   Plaintiffs' counsel has refused to enter into a stipulation regarding the amount in controversy in this case, implying that the amount in controversy for Plaintiff Linda Waldon exceeds $75,000, exclusive of interest and costs.

22. Based upon the injuries alleged and damages claimed by Plaintiff Linda Waldon, she seeks recovery in excess of $75,000 exclusive of interest and costs, the value to Plaintiff Linda Waldon of the relief sought in the Complaint exceeds $75,000 exclusive of interest and costs, and/or the amount in controversy exceeds $75,000 exclusive of interest and costs.

23. The amount in controversy requirement is satisfied based on the claim of Plaintiff Linda Waldon alone, and is *not* dependent on any aggregation of the value of both Plaintiffs' claims.

24. Plaintiff Steve Waldon has asserted a claim for loss of consortium which may not, independently, meet the minimum amount in controversy requirement. However, "a federal court in diversity jurisdiction may exercise supplemental jurisdiction over additional plaintiffs whose claims do not satisfy the minimum amount-in-controversy requirement, provided the claims are part of the same case or controversy as the claims of plaintiffs who do allege a sufficient amount in controversy, if other jurisdictional prerequisites are met." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 125 S. Ct 2611, 2621-22 (2005). Because Plaintiff Steve Waldon's claim is part of the same case or controversy as the claim raised by Plaintiff Linda Waldon, this Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. §1367.

25. Plaintiffs have not agreed to stipulate that the amount in controversy is $75,000 or less, exclusive of interest and costs, for each Plaintiff.

26. Therefore, this state court action is properly removed to this Court in accordance with 28 U.S.C. §§ 1441 and 1446 because: (1) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division; (2)

this action is between citizens of different States; (3) the amount in controversy exceeds $75,000 exclusive of interest and costs with regard to the claim of Plaintiff Linda Waldon; and (4) supplemental jurisdiction over the claim of Plaintiff Steve Waldon is proper.

## STATUTORY REQUIREMENTS

27. Pursuant to 28 U.S.C. § 1446(a), a copy of the entire state court file is attached and includes all pleadings served or filed in this action as of the date of this Notice of Removal.

28. A copy of this Notice of Removal has been filed in the Montgomery County Superior Court and Plaintiffs have been served with both this Notice of Removal and the Notice of Filing Notice of Removal.

WHEREFORE, removing party WAL-MART STORES, INC. Store Number 1655, by counsel, respectfully requests that the above-entitled action be removed from the Montgomery County Superior Court to the United States District Court for the Southern District of Indiana, Indianapolis Division

**LEWIS WAGNER, LLP**


By:   s/KATHERINE S. STRAWBRIDGE
LESLEY A. PFLEGING, #26857-49A
KATHERINE S. STRAWBRIDGE, #30123-49
*Counsel for Defendant*

CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2017, a copy of the foregoing **Notice of Removal** was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

James E. Ayers
WERNLE, RISTINE & AYERS
309 Dubois Avenue
PO Box 874
Crawfordsville, IN  47933-0874
*Counsel for Plaintiffs*

s/KATHERINE S. STRAWBRIDGE
KATHERINE S. STRAWBRIDGE

LEWIS WAGNER, LLP
Suite 200
501 Indiana Avenue
Indianapolis, IN 46202
Telephone:     317-237-0500
Facsimile:      317-630-2790
lpfleging@lewiswagner.com
kstrawbridge@lewiswagner.com

{0019081/0035/01129817 v1}