UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LINDA WALDON, <br> STEVE WALDON, <br><br> Plaintiffs, <br><br> v. <br><br> WAL-MART STORES INC., <br> Store Number 1655, <br><br> Defendant. | No. 1:17-cv-03673-JRS-MPB |

**Entry on Defendant's Motion for Summary Judgment and Defendant's Motion to Preclude Expert Testimony (ECF Nos. 26 and 37)**

Plaintiff Linda Waldon fell while shopping in a Wal-Mart store in Crawfordsville, Indiana. She believes she slipped on a white plastic hanger on the floor. Ms. Waldon sued Wal-Mart in state court for damages to compensate her for the injuries she sustained in the fall. Plaintiff Steve Waldon, Linda's husband, brought a claim for loss of consortium. Wal-Mart removed the action to this district court under 28 U.S.C. §§ 1441 and 1446, asserting diversity jurisdiction under 28 U.S.C. § 1332.

Wal-Mart has moved for summary judgment. Wal-Mart also has moved to preclude the testimony of Plaintiffs' expert, Edmund Di Marco, and to strike his affidavit, and has requested its attorneys' fees and expenses for having to evaluate and respond to the Di Marco affidavit. For the following reasons, the Court finds that Di Marco's testimony should be precluded, his affidavit should be stricken, Wal-Mart's motion

for summary judgment should be granted, and Wal-Mart's request for sanctions should be denied.

## Wal-Mart's Motion to Preclude Expert Testimony

Because the resolution of Wal-Mart's Motion to Preclude Expert Testimony could affect the evidence on which Plaintiffs may rely to establish a genuine issue of material fact in response to the summary judgment motion, the Court first considers the motion to preclude expert testimony. Wal-Mart contends that Di Marco's expert testimony should be excluded because his report fails to comply with Federal Rule of Civil Procedure 26 and his opinions are inadmissible under Federal Rule of Evidence 702. Plaintiffs have not responded to the motion to exclude their expert's testimony. They therefore have forfeited any argument in opposition to the motion that they could have made. *See, e.g.*, *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("The silence resulting from the [nonmovant's] failure to file a response brief is deafening . . . . Failure to respond to an argument—as the [nonmovant has] done here—results in waiver.").

Besides, Wal-Mart's arguments regarding the expert testimony and report are well-taken. Wal-Mart argues that Di Marco's report is "a blatantly inadequate disclosure" and "plainly violative" of Federal Rule of Civil Procedure 26(a). And Wal-Mart asserts that it has been prejudiced in its ability to address the issues raised on summary judgment due to the untimely filing of the expert affidavit. Under Rule 26(a), an expert retained by a party to testify in a case must prepare a written report that includes "a complete statement of all opinions the witness will express and the

basis and reasons for them; [and] the facts or data considered by the witness in forming them . . . ." Fed. R. Civ. P. 26(a)(2)(B)(i)–(ii); *see also Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 641 (7th Cir. 2008). Rule 37(c)(1) provides teeth to this requirement: "If a party fails to provide information . . . as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion . . . or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Ciomber*, 527 F.3d at 641. "This sanction is automatic and mandatory unless the offending party can establish that its violation . . . was either justified or harmless." *Ciomber*, 527 F.3d at 641 (internal quotation marks omitted). Here, Plaintiffs have provided no response.

Generously read, Di Marco's expert report offers two opinions. First, his report opines that "they [presumably Wal-Mart and/or its employees] did not practice a safe environment for the customers and the employees." (ECF No. 37-1.) The report also opines that certain photos taken by Wal-Mart "showed slipping or tripping hazard[s] in the area." (ECF No. 37-1.) The first opinion is a mere conclusion with no supporting analysis, and thus does not meet the requirements of Federal Rule of Evidence 702. *See, e.g., Gopalratnam v. Hewlett-Packard Co.*, 877 F.3d 771, 781 (7th Cir. 2017) ("Rule 702 explicitly requires that expert testimony be 'based on sufficient facts or data.'") (quoting Fed. R. Evid. 702); *Zenith Elec. Corp. v. WH-TV Broad Corp.*, 395 F.3d 416, 419 (7th Cir. 2005) ("An expert who supplies nothing but a bottom line supplies nothing of value to the judicial process."). The second opinion is based only on Di Marco's personal observation, which is not a "'substitute for scientific

3

methodology and [is] insufficient to satisfy *Daubert's* most significant guidepost': reliability." *Hartman v. EBSCO Indus., Inc.*, 758 F.3d 810, 819 (7th Cir. 2014) (quoting *Chapman v. Maytag Corp.*, 297 F.3d 682, 688 (7th Cir. 2002)). Indeed, Di Marco fails to identify any methodology whatsoever on which he relied in forming his opinions.

The Di Marco expert report is wholly lacking in any of "the basis and reasons" for the expert's opinions or of "the facts or data considered" by him in forming his opinions. The report, and thus the expert disclosure, are woefully inadequate under Federal Rule of Civil Procedure 26(a)(2). *See* Fed. R. Civ. P. (a)(2)(B)(i)-(v).

Furthermore, the opinions offered in Di Marco's affidavit were not disclosed by Plaintiffs in their expert report. The opinions in the affidavit are new opinions; they were not even mentioned in Plaintiffs' expert disclosures served on September 7, 2018. (Wal-Mart included a copy of Di Marco's expert witness report as Exhibit A to its motion, which exhibit was filed on November 8, 2018, as ECF No. 37-1.) These new opinions would come as a complete surprise to Wal-Mart, and Plaintiffs waited to disclose them until after Wal-Mart had moved for summary judgment. This prevented Wal-Mart from addressing these undisclosed opinions in its opening summary judgment brief and caused Wal-Mart to seek additional time to move to limit or preclude expert testimony and to seek discovery on the basis for Di Marco's findings disclosed in his affidavit. (*See* ECF No. 35; ECF No. 36.) The opinions in the affidavit could be excluded under Rule 37(c)(1) on this basis alone. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information . . . as required by Rule 26(a) . . ., the party is

4

not allowed to use that information or witness to supply evidence on a motion . . . or at a trial, unless the failure was substantially justified or is harmless.").

Plaintiffs have not established, or even argued, that Di Marco's untimely affidavit report was substantially justified or harmless. However, the Court need not rely solely on the inadequacies and untimeliness of Plaintiffs' expert disclosure to reach the conclusion that Di Marco's opinions and testimony must be excluded. As Wal-Mart contends, Di Marco's expert testimony, both in his report and his affidavit, is inadmissible because it is not reliable or relevant, it is based on speculation, and it would not assist the trier of fact. Fed. R. Civ. P. 702; *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993) (Federal Rules of Evidence require the district court to ensure that expert testimony "is not only relevant, but reliable"). Plaintiffs have not even responded, must less argued otherwise, and they, as the proponents of the expert, bear the burden of demonstrating that the testimony is admissible. *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009). The Court finds that Di Marco's expert opinions, both in the Rule 26(a) expert report and in the expert's affidavit, are not admissible under Federal Rule of Evidence 702 and *Daubert*. The affidavit is further excludable for failure to comply with the strictures of Rule 26(a). Therefore, Wal-Mart's Motion to Preclude Expert Testimony should be granted.

Wal-Mart requests an award of sanctions under Rule 37(c) for Plaintiffs' failure to comply with the expert disclosure deadline in the Court's scheduling orders. Wal-Mart should not have had to evaluate Di Marco's untimely affidavit; however, Di Marco's timely yet inadequate report by itself likely would have resulted in a motion

to strike the expert testimony. Therefore, the Court finds that an award of sanctions is not appropriate in this instance.

## Summary Judgment Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the district court "must construe all the facts and reasonable inferences in the light most favorable to the nonmoving party," *Monroe v. Ind. Dep't of Transp.*, 871 F.3d 495, 503 (7th Cir. 2017), but the court does not draw "inferences that are supported by only speculation or conjecture," *id.* (quoting *Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008)).

The moving party bears the burden of showing the absence of genuine issues of material fact. *Lewis v. Wilkie*, 909 F.3d 858, 866 (7th Cir. 2018). If the moving party carries its burden, "the burden shifts to the non-moving party to come forward with specific facts showing that there is a genuine issue for trial." *Id.* (quoting *Spierer v. Rossman*, 798 F.3d 502, 507 (7th Cir. 2015)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## Factual Background

As an initial matter, Wal-Mart is correct that Plaintiffs' factual statements do not comply with Federal Rule of Civil Procedure 56(c) or Local Rule 56-1(e). Plaintiffs'

factual assertions are almost all without a citation to supporting evidence, and the few citations that are provided are not specific; they do not cite to a page or paragraph number. Wal-Mart suggests the Court should strike the portions of Plaintiffs' factual statements that are noncompliant with the procedural rules, but the Court declines to do so in this instance and will simply disregard unsupported factual assertions and mere argument offered as "fact." The Court will also disregard the many asserted facts that are simply not material. That said, the Court turns to the material facts not in dispute.

On January 1, 2017, Linda Waldon fell while shopping in a Wal-Mart store in Crawfordsville, Indiana. (Waldon Dep. 17:2-13, 25, ECF No. 26-1 at 6.) She believes she slid on a hanger on the floor in the women's lingerie department where she was perusing a clearance rack. (Waldon Dep. 19:18-24, 29:2-8, 33:1-12, ECF No. 26-1 at 8, 15, 19.) Ms. Waldon explains that she "knew [she] slid on something" and the hanger "was the only thing that was there." (Waldon Dep. 48:7-18, ECF No. 26-1 at 34.) She has no evidence about how the hanger ended up on the floor before her fall. (Waldon Dep. 48:19-21, ECF No. 26-1 at 34.) She has no evidence that a Wal-Mart employee placed the hanger on the floor. (Waldon Dep. 48:22-24, ECF No. 26-1 at 34.) Ms. Waldon has no evidence or personal knowledge that Wal-Mart knew this hanger was on the floor before she fell. (Waldon Dep. 49:25–51:4, ECF No. 26-1 at 35-37.)

Wal-Mart Assistant Manager Amanda Miller and associate Tammy Grimes were working at the Crawfordsville store when Ms. Waldon fell. (Miller Aff. ¶¶ 2-3, ECF

No. 26-2; Grimes Aff. ¶¶ 2-3, ECF No. 26-3.) In their affidavits, Miller and Grimes stated, "I was not nor, to the best of my knowledge, was any Wal-Mart employee notified of the existence of any potential hazard(s) on the floor, including but not limited to hangers, in the area where Linda Waldon fell at any time" before she fell. (Miller Aff. ¶ 4, ECF No. 26-2; Grimes Aff. ¶ 4, ECF No. 26-3.) And approximately five to ten minutes before being notified that Ms. Waldon had fallen,[1] Grimes conducted a visual inspection of the women's lingerie department, including the clearance racks. (Grimes Aff. ¶ 8, ECF No. 26-3 at 2.) During this inspection, Grimes did not observe any hangers, debris, or other potential slip or trip hazards on the floor. (Grimes Aff. ¶ 9, ECF No. 26-3 at 2.)

The Waldons have no evidence to establish how long the hanger had been on the ground before Ms. Waldon fell. (Waldon Dep. 49:21-24, ECF No. 26-1 at 35.) Ms. Waldon has no personal knowledge about whether any Wal-Mart employee had walked through the area where she fell before her fall. (Waldon Dep. 51:21-52:2, ECF No. 26-1 at 37-38.) And she has no personal knowledge about how long it had been, as of the time of her fall, since someone had made the rounds in the area where she fell for the purpose of picking up items on the floor. (Waldon Dep. 57:8-11, ECF No. 26-1 at 43.)

On the date of Ms. Waldon's fall, Wal-Mart had specific policies and procedures in place to discover and address potential slip or trip hazards. (Miller Aff. ¶ 5, ECF No. 26-2; Grimes Aff. ¶ 5, ECF No. 26-3.) Wal-Mart instructs its associates to "zone" their

---

[1] Plaintiffs' argument that the affidavit merely asserts that an employee claimed to have inspected the area "at some unknown time" (ECF No. 35 at 3) is belied by the evidence.

8

department, which involves conducting visual inspections and picking up items that are on the floor and returning them to their proper place. (Miller Aff. ¶ 6, [ECF No. 26-2](#); Grimes Aff. ¶ 6, [ECF No. 26-3](#).) Zoning goes on constantly during all associates' shifts, and associates are instructed to walk through their department before and after breaks and on and off throughout their shift. (Miller Aff. ¶ 7, [ECF No. 26-2](#); Grimes Aff. ¶ 6, [ECF No. 26-3](#).) Wal-Mart specifically instructs its associates to zone clearance apparel racks regularly to remove loose hangers, size clips, and debris. (Miller Aff. ¶ 8, [ECF No. 26-2](#); Grimes Aff. ¶ 7, [ECF No. 26-3](#).)

## Discussion

Since this Court is sitting in diversity, it will apply Indiana substantive law and attempt to predict how the Indiana Supreme Court would decide the case if it were before that court today. *[E.T. Prods., LLC v. D.E. Miller Holdings, Inc.](#)*, 872 F.3d 464, 467 (7th Cir. 2017). The Waldons allege that Ms. Waldon was injured because of a condition on Wal-Mart's premises—that she slipped and fell on a hanger on the floor. For summary judgment purposes, Wal-Mart does not dispute that Ms. Waldon was a business invitee at its store when she was injured.

Under Indiana premises-liability law, a landowner owes a duty to "exercise reasonable care for the invitee's protection while the invitee is on the premises." *[Rogers v. Martin](#)*, 63 N.E.3d 316, 320 (Ind. 2016); *see also [Schulz v. Kroger Co.](#)*, 963 N.E.2d 1141, 1144 (Ind. Ct. App. 2012) (landowner owes business invitees "a duty to exercise reasonable care for their protection while they remained on the premises"). When an invitee is injured because of a condition on the premises, the "best definition" of the

9

landowner's duty is in the Restatement (Second) of Torts § 343. *See Rogers,* 63 N.E.3d at 322–23. Section 343 provides:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

*Burrell v. Meads,* 569 N.E.2d 637, 639–40 (Ind. 1991) (quoting Restatement (Second) of Torts § 343). Each of these elements must be present for a landowner to be liable under a premises liability theory. *See Rogers,* 63 N.E.3d at 322.

The first element requires that the landowner have "actual or constructive knowledge of a condition on the premises that involves an unreasonable risk of harm to invitees." *Pfenning v. Lineman,* 947 N.E.2d 392, 406 (Ind. 2011); *see also Schulz,* 963 N.E.2d at 1144 ("[B]efore liability may be imposed on the invitor, it must have actual or constructive knowledge of the danger."). The only issue in this case is whether Wal-Mart had actual or constructive knowledge that the hanger was on the floor and created an unreasonable risk of harm to its invitees.

Wal-Mart has presented evidence to establish that it did not have actual knowledge of the allegedly dangerous condition. Both Wal-Mart Assistant Manager Miller, who was working at the Crawfordsville store on the day of Ms. Waldon's fall, and Wal-Mart employee Grimes who was working in the women's lingerie area that day, stated that "I was not nor, to the best of my knowledge, was any Wal-Mart

employee notified of the existence of any potential hazard(s) on the floor, including but not limited to hangers, in the area where Linda Waldon fell at any time" before her fall. (Miller Aff. ¶ 4, ECF No. 26-2; Grimes Aff. ¶ 4, ECF No. 26-3.) The Waldons acknowledge that they have no evidence to challenge the factual assertions in the Miller and Grimes affidavits; nonetheless, the Waldons suggest that the employees were lying.

The Waldons have offered photographs of what they describe as "substantial debris" in the area of Ms. Waldon's fall in an attempt to challenge the employees' credibility. However, the Waldons have not laid a proper foundation for the photographs to suggest that the conditions depicted in them were the same or similar to the conditions Ms. Waldon encountered on the day in question. The first photograph is undated, and the second photograph has a date stamp of "01/12/2017," suggesting that it was taken eleven days after Ms. Waldon's fall. (See Ex. 1, ECF No. 35-2; Ex. 2, ECF No. 35-3.) Therefore, the photographs are irrelevant and are disregarded. *See, e.g.*, *Holbrook v. Norfolk S. Ry. Co.*, 414 F.3d 739 (7th Cir. 2005) (holding photographs of railroad yard were irrelevant to prove notice to railroad of dangerous condition where there was no evidence that the conditions depicted in photographs were the same or similar to the conditions at the time of the plaintiff's fall).

The Waldons have produced no admissible evidence that would permit the trier of fact to find that the employees were lying. *See Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008) ("[W]hen challenges to witness' credibility are *all* that a plaintiff relies on, and he has shown no independent facts—no proof—to support his claims,

11

summary judgment in favor of the defendant is proper."); *see also Harper v. C.R. England, Inc.*, 687 F.3d 297, 306 (7th Cir. 2012) ("[O]ur favor toward the nonmoving party does not extend to drawing '[i]nferences that are supported by only speculation or conjecture.'") (alteration in original) (quoting *Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008)). Thus, Wal-Mart has shown the absence of a genuine issue of material fact as to its actual knowledge of the hanger: Wal-Mart had no actual knowledge of the allegedly dangerous condition, and Plaintiffs have failed to come forward with specific facts showing a genuine issue for trial.

As for constructive knowledge, Indiana courts have found constructive knowledge where a condition "has existed for such a length of time and under such circumstances that it would have been discovered in time to have prevented injury if the storekeeper, his agents or employees had used ordinary care." *Schulz*, 963 N.E.2d at 1144 (quoting *Wal-Mart Stores, Inc. v. Blaylock*, 591 N.E.2d 624, 628 (Ind. Ct. App. 1992)). In *Schulz*, a customer slipped on a clear liquid in the defendant's store. A store employee stated in her affidavit that she had been in the area where the alleged fall occurred about five to ten minutes before the alleged fall and during that time, she did not observe any foreign substance or potential hazard on the floor; the floor was clean and dry. *Id.* at 1144–45. Given that the floor was clean and dry no more than ten minutes before the customer's fall, the court held that the store lacked constructive knowledge of the hazardous condition. *Id.* at 1145.

The Waldons have offered no evidence to establish that the hanger had been on the floor long enough before Ms. Waldon's fall and under such circumstances that

12

Wal-Mart should have discovered it before it allegedly tripped Ms. Waldon. They argue that the photographs establish constructive notice because the "mess must have collected for more than 15 minutes before [Ms. Waldon's] fall . . . ." ([ECF No. 35 at 7](#).) Even assuming that a proper foundation had been laid for the photographs, the Waldons rely on mere speculation in claiming that the "mess" could not have collected in 15 minutes or less; they have presented no evidence to allow a trier of fact to find that the "mess" could not have formed in such a period of time. The Court will not draw an inference that is supported by only speculation or conjecture. *See [Monroe, 871 F.3d at 503](#).* Thus, the Court finds that the Waldons have no evidence to suggest that the hanger had been on the floor for 15 minutes or more.

Wal-Mart has presented undisputed evidence from Grimes establishing that she conducted a visual inspection of the women's lingerie department, including the clearance racks, approximately five to ten minutes before she was notified of Ms. Waldon's fall, and Grimes did not observe any hangers, debris, or other potential slip or trip hazards on the floor. Given this short time between Grimes' inspection and Ms. Waldon's fall, as with the ten-minute window in *Schulz*, no reasonable jury could find that Wal-Mart had constructive knowledge of the hanger on the floor.

Because the record has no evidence that Wal-Mart had either actual or constructive knowledge of the allegedly dangerous condition, Ms. Waldon's premises liability claim against Wal-Mart fails as a matter of law. Notably, the Miller and Grimes affidavits detailing compliance with Wal-Mart's zone policing policy and procedure provides evidence that Wal-Mart exercised reasonable care to protect invitees. This

13

undisputed evidence is independently fatal to Ms. Waldon's premises liability claim. Wal-Mart is entitled to summary judgment on Ms. Waldon's claim.

A loss of consortium claim is derivative of the spouse's personal injury claim. *Durham ex rel. Estate of Wade v. U-Haul Int'l*, 745 N.E.2d 755, 764 (Ind. 2001). Thus, if the spouse's action fails, the loss of consortium claim necessarily fails as well. *Id.* Because Ms. Waldon has not presented evidence that would raise a genuine issue of material fact as to her claim against Wal-Mart, Mr. Waldon's claim fails as well. Wal-Mart is entitled to summary judgment on the loss of consortium claim.

## Conclusion

For the reasons stated, Defendant's Motion to Preclude Expert Testimony of Edmund Di Marco (ECF No. 37) is **granted** and Defendant's Motion for Summary Judgment (ECF No. 26) is **granted**. Final judgment in favor of Wal-Mart will be entered.

Date: 2/20/2019

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

James E. Ayers
WERNLE RISTINE & AYERS
ayersj@wralaw.com

Lynsey F. David
LEWIS WAGNER LLP
ldavid@lewiswagner.com

Lesley A. Pfleging
LEWIS WAGNER LLP
lpfleging@lewiswagner.com

Katherine S. Strawbridge
LEWIS WAGNER LLP
kstrawbridge@lewiswagner.com