UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LINDA WALDON,<br>STEVE WALDON,<br><br>        Plaintiffs,<br><br>        v.<br><br>WAL-MART STORES INC. Store Number<br>1655,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)   No. 1:17-cv-03673-JPH-MPB<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**

Plaintiffs, Linda and Steve Waldon, sued Wal-Mart in state court after Ms. Waldon slid on a plastic hanger and fell in a Crawfordsville, Indiana Wal-Mart. Dkt. 1-2 at 9–10 (state-court complaint). Wal-Mart removed the case to federal court in October 2017, dkt. 1, and it was reassigned to District Judge James R. Sweeney II in September 2018, dkt. 30. Judge Sweeney granted Wal-Mart's summary-judgment motion in February 2019, holding that no reasonable jury could find that Wal-Mart knew about the allegedly dangerous condition. Dkt. 48. The Seventh Circuit affirmed. *See* dkt. 54; *Waldon v. Wal-Mart Stores, Inc.*, 943 F.3d 818 (7th Cir. 2019).

On December 22, 2021, the clerk of court informed the parties that when Judge Sweeney "presided over the case he owned stock in Walmart," which "would have required recusal under the Code of Conduct for United States Judges." Dkt. 55. In response, the Waldons filed a motion for relief from

1

judgment under Federal Rule of Civil Procedure 60(b)(6), dkt. 56, and the case was reassigned, dkt. 58.

Under 28 U.S.C. § 455(c), a federal judge "should inform himself about his personal and fiduciary financial interests," and, under § 455(b), must "disqualify himself" when he "knows that he . . . has a financial interest . . . in a party to the proceeding." *See* dkt. 55. But § 455 "neither prescribes nor prohibits any particular remedy for a violation of that duty." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 862 (1988). Instead, Federal Rule of Civil Procedure 60(b)(6) "provides a procedure whereby, in appropriate cases, a party may be relieved of a final judgment . . . . upon such terms as are just." *Id.* at 863.

Rule 60(b)(6) relief, however, "should only be applied in extraordinary situations." *Id.* at 864. "[I]n determining whether a judgment should be vacated for a violation of § 455[ ][1], it is appropriate to consider the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." *Id.*

Here, the Waldons argue that they were prejudiced because Judge Sweeney, in granting summary judgment, improperly excluded two photographs of the floor where Ms. Waldon fell. Dkt. 60 at 4. They contend that those photos would have shown an issue of fact to be resolved at trial.

---

[1] While *Liljeberg* addressed a violation of § 455(a), the "analysis applies equally to violations of § 455(b)." *Centripetal Networks, Inc. v. Cisco Systems, Inc.*, 38 F.4th 1025, 1034 (Fed. Cir. 2022).

*Id.*; dkt. 56.  Wal-Mart responds that the Waldons are not entitled to relief because the Seventh Circuit affirmed Judge Sweeney's summary judgment. Dkt. 59 at 6–7.

Judge Sweeney found that the photos did not show a triable issue of fact because the evidence did not show "that the conditions depicted in them were the same or similar to the conditions Ms. Waldon encountered on the day in question." Dkt. 48 at 11.  The Seventh Circuit reviewed the summary judgment *de novo* and affirmed, finding that the Waldons' appeal was "not strong." *Waldon*, 943 F.3d at 821–24.  That *de novo* review encompassed the two photos that the Waldons now rely on.  *Id.* at 823 ("None of the Waldons' arrows hit their mark, and their reliance on the photographs, which appear to have been altered on appeal, exposes their counsel to possible sanctions . . . .").  Indeed, the Seventh Circuit found that the Waldons' counsel "misrepresented that the photographs were taken the day of the incident."  *Id.* at 825.[2]

In short, regardless of Judge Sweeney's ruling on the photos, the Seventh Circuit took a fresh look—without deference—and affirmed summary judgment. *See id.* at 821–24.  That is enough to show that there is no risk of injustice to the Waldons from Judge Sweeney's failure to recuse.  *See Williamson v. Indiana University*, 345 F.3d 459, 464–65 (7th Cir. 2003) (finding that a decision not to recuse was harmless because the Seventh Circuit reviewed "the grant of summary judgment *de novo*," providing "a full review by an impartial panel").

---

[2] The Seventh Circuit later sanctioned the Waldons' counsel for representing that the photos "were taken on the day Ms. Waldon fell, when in fact they were not."  *Waldon v. Wal-Mart Stores*, No. 19-1529, document 41 (Jan. 3, 2020).

The Waldons have not argued that a denial of relief could produce injustice in other cases or undermine the public's confidence in the judicial process.  *See* dkt. 56; dkt. 60; *see Williamson*, 345 F.3d at 464–65 ("[T]he risk of injustice in other cases and concern for public confidence are not implicated by these facts.  Because we have concluded that Williamson's claims raise no genuine issues of material fact . . . the act of vacating the district court's judgment would be counterproductive, inefficient, and would serve only to weaken public confidence by undermining the finality of judgments.").

The Waldons' motion for relief from judgment is therefore **DENIED**.  Dkt. [56].

**SO ORDERED.**

Date: 9/29/2022

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

James E. Ayers
WERNLE RISTINE & AYERS
ayersj@wralaw.com

Lynsey F. David
LEWIS WAGNER LLP
ldavid@lewiswagner.com

Lesley A. Pfleging
LEWIS WAGNER LLP
lpfleging@lewiswagner.com

4

Katherine S. Strawbridge
LEWIS WAGNER LLP
kstrawbridge@lewiswagner.com